**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
In re:  :
 : Chapter 7
    JEFFREY WINICK, :
 : Case No. 20-11976 (SHL)
                      Debtor. :
------------------------------------------------------x
UNITED STATES OF AMERICA, :
 : Adv. Proc. No. 21-01138 (SHL)
                      Plaintiff, :
 :
    v. :
 :
JEFFREY WINICK, :
 :
                      Defendant. :
------------------------------------------------------x

## ANSWER

Defendant Jeffery Winick ("Defendant") answers the Complaint to Object to Discharge or, Alternatively, Determine Nondischargeability ("Complaint") filed by plaintiff the United States of America ("Plaintiff") as follows:

1.    Defendant admits that on August 27, 2020, he filed for bankruptcy protection under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), that he seeks to obtain a discharge of certain tax liabilities to the IRS, and that the IRS is his single largest creditor and holds approximately 90% of his debts. Defendant denies the remaining allegations in Paragraph 1.

2.    Defendant admits that he is a real estate professional, that for decades, he has been a commercial real estate broker in the New York City area, that he currently owns a direct and indirect majority interest in and serves as Chief Executive Officer of Winick Realty Group LLC ("Winick Realty"), and that Winick Realty's website states that it "has been driving New York

City's retail transformation for over 35 years and has since expanded its reach to encompass the entire United States." Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that his cumulative reported taxable income between 2012 and 2016 was over $23 million, that he had a rental residence in New York City and maintained a second address in Southampton, that he leased a car and owned a boat, that he gambled at various casinos, and that he paid for his daughter to attend New York University. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits that the IRS is his single largest creditor. Defendant denies the remaining allegations in Paragraph 4.

5. Denied.

6. Defendant admits that the IRS objects to his discharge under 11 U.S.C. § 727 and alternatively seeks a judgment excepting his tax debts from discharge under 11 U.S.C. § 523(a). Defendant denies that such relief is appropriate and denies any remaining allegations in Paragraph 6.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendant states that Schedule A/B speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 14 that are inconsistent with that document. Defendant denies any remaining allegations in Paragraph 14.

15. Defendant states that Schedule C speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 15 that are inconsistent with that document. Defendant denies any remaining allegations in Paragraph 15.

16. Defendant states that Schedule D speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 16 that are inconsistent with that document. Defendant denies any remaining allegations in Paragraph 16.

17. Defendant states that Schedule E speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 17 that are inconsistent with that document. Defendant denies any remaining allegations in Paragraph 17.

18. Defendant states that Schedule I speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 18 that are inconsistent with that document. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant states that his Statement of Financial Affairs speaks for itself, refers to that document for a complete and accurate account of its contents, and denies any allegations in Paragraph 19 that are inconsistent with that document. Defendant denies any remaining allegations in Paragraph 19.

20. Defendant admits that he and Gregory Messer, the chapter 7 trustee (the "Trustee") entered into a stipulation allowing Defendant's watches to be sold to his son-in-law for $45,000.00, subject to higher bids, which the Court approved on March 9, 2021. On information and belief, Defendant admits the remaining allegations in Paragraph 20.

21.     Defendant admits that he scheduled the value of his interests in Winick Realty and WTN as unknown. Defendant states that the Trustee's motion to abandon the estate's interests in Winick Realty and WTN and the IRS's opposition to that motion speak for themselves, refers to those documents for a complete and accurate account of their contents, and denies any allegations in Paragraph 21 that are inconsistent with those documents. Defendant denies any remaining allegations in Paragraph 21.

22.     Defendant admits that there are $475,000.00 in leasing brokerage commissions listed in his bankruptcy schedules, that some of those commissions are due and payable, and that, upon information and belief, the Trustee has not yet collected any commissions. Defendant denies any remaining allegations in Paragraph 22.

23.     Defendant admits that the IRS filed a proof of claim in his bankruptcy proceeding, which document speaks for itself, and admits to the amounts listed in the "Tax Due ($)" column in the chart in Paragraph 23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining amounts listed in the chart in Paragraph 23. Defendant denies any remaining allegations in Paragraph 23.

24.     Denied.

25.     Defendant admits that he reported $4,675,510.00 in taxable income in 2013, giving rise to $1,944,528.00 in income taxes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26.     Defendant admits that he reported $4,991,103.00 in taxable income in 2014, giving rise to $2,100,533.00 in income taxes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Defendant admits that he reported $3,891,521.00 in taxable income in 2015, giving rise to $1,578,350.00 in income taxes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Defendant denies the first sentence of Paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Defendant admits that he reported $2,684,093.00 in taxable income in 2019, giving rise to $1,010,258.00 in income taxes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Defendant admits that between 2012 and 2016, he did not make certain quarterly estimated tax payments. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Defendant admits that he entered into an installment agreement with the IRS in November 2018, that under that agreement, he was required to pay $50,000.00 per month between November 2018 and December 2019, at which point he would be required to increase his payments to $114,000.00 per month, that he made payments pursuant to his plan between November 2018 and November 2019, that he made two additional payments of $50,000.00 in December 2019 and

January 2020, and that he made no further payments to the IRS pursuant to that agreement. Defendant denies the remaining allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the IRS's being precluded from levying his property. Upon information and belief, Defendant admits the remaining allegations in Paragraph 36.

37. Defendant admits that he made voluntary payments towards his tax liabilities in connection with installment agreements, offers-in-compromise, and withholdings. Defendant denies that he under-withheld taxes from his income. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.

38. Defendant admits that he accrued tax, penalty, and interest liabilities between 2012 and 2016 and that he made some payments towards those liabilities. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that he reported $4,991,103.00 in taxable income in 2014, giving rise to $2,100,533.00 in income taxes. Defendant denies that he under-withheld taxes from his income and denies the remaining allegations in Paragraph 39.

40. Defendant admits that in certain months of 2014, he paid $17,000.00 per month in rent for an apartment at the River Tower, 420 E. 54th Street, Apt. 31B, New York, New York 10022 and $7,000.00 per month in rent for an apartment for his daughter. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 40.

41. Defendant admits that in 2014, he incurred $4,045.01 for cable to DirecTV, $1,493.60 for internet to Optimum, $8,229.98 in electric bills to PSEG Long Island, $1,455.10 in water bills to the Suffolk County Water Authority, $1,894.42 in mechanical maintenance fees to

W&G Service Company, Inc., $3,400.00 in homeowners association fees, and $7,058.56 in pest-control fees to Premier Pest Control, all of which were expenses related to the Southampton property that he rented. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 41.

42. Defendant admits that he incurred a yearly charge of $5,846.25 on a boat slip for his pre-owned Cobalt boat between April and November 2012, a yearly charge of $6,119.44 for in 2013, and that he sold the boat in 2014. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 42.

43. Defendant admits that he incurred entertainment expenses and gambling expenses in 2014 and in other years relevant to this lawsuit. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 43.

44. Defendant admits that in 2014, he was the guarantor on vehicle leases for a 2013 2013 Mercedes-Benz SL550 at $1,827.72 per month and for a 2014 Mercedes-Benz GL550 at $1,580.13 per month, that the leases were taken out in Winick Realty's name, and that the vehicles were sometimes garaged at Defendant's Southampton address. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 44.

45. Denied.

46. Denied.

47. Defendant admits that he owns a majority of the equity of Winick Realty and WTN. Defendant denies the remaining allegations in Paragraph 47.

(a) Defendant admits that between 2011 and 2021, Winick Realty leased certain Mercedes-Benz vehicles, that the leases were guaranteed by Defendant for certain years, that the leases indicated the vehicles were to be used for "business, commercial, or agricultural

purposes," and that each lease listed Defendant's Southampton address as the "principal garage location." Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 47(a).

(b) Defendant admits that in November 2019, Louis Eisinger, who is Winick Realty's Chief Operating Officer, was involved in negotiations regarding two personal debts owed by Defendant to David Berley and that the resulting agreement provided for Defendant's debt to be paid by offsetting a portion of the commissions due to Defendant on account of services rendered to Mr. Berley's entities (and which were reported as taxable income). Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 47(b).

48. Denied.

(a) Defendant admits that in December 2012, he incurred over $2,000,000.00 in tax liability, that he transferred a 40% interest in WTN to his daughter as a gift, and that the stock transfer document indicated he believed the interest was worth $4,000,000.00. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 48(a). Defendant denies the remaining allegations in Paragraph 48(a).

(b) Defendant denies the first sentence of Paragraph 48(b). Defendant admits that the trust assigned a 74% interest in Winick Realty Group NJ, LLC to Defendant's daughter in January 2016. Defendant denies the remaining allegations of Paragraph 48(b).

(c) Defendant admits that in 2015, he pledged an interest in SDSDR111 LLC to secure a loan. Defendant denies that there was anything wrongful about these actions, denies that he had knowledge of any perfected lien the IRS may have had on his SDSDR111 LLC interest, and denies the remaining allegations in Paragraph 48(c).

(d) Defendant admits that in 2020, he surrendered his interest in SDSDR111 LLC in satisfaction of his debt. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 48(d).

(e) Defendant admits that after the residence at 24 Parrish Pond Lane in Southampton was built, he sold it to a trust for which his daughter was a beneficiary, that in 2016, the trust transferred the property to his daughter, and that his daughter sold the residence in 2020 for $3,550,000.00. Defendant denies that there was anything wrongful about these actions, denies that the transfer of the residence from the trust to Defendant's daughter in 2016 was done at his direction, and denies the remaining allegations in Paragraph 48(e).

49. Denied.

50. Defendant admits that when he entered bankruptcy in August 2020, he disclosed he owned no real property, no vehicles, only $30,000.00 in personal and household items, only $25,000.00 in financial assets, and two business interests of unknown value. Defendant denies the remaining allegations in Paragraph 50.

51. Defendant admits that in July 2020, he transferred his interest in SDSDR111 LLC to repay a debt owed to David Berley. Defendant denies the remaining allegations in Paragraph 51.

52. Defendant admits that by 2006, he obtained a 25% interest in SDSDR111 LLC, a limited liability company that owns, subject to a mortgage, the commercial space located in 545 W. 111th St., New York, New York 10025, that the property owned by SDSDR111 LLC was appraised at $31,000,000.00 (subject to a $21,000,000.00 mortgage), and that pursuant to that company's operating agreement, Defendant was entitled to distributions proportional to his percentage interest. Defendant denies the remaining allegations in Paragraph 52.

53. The first sentence of Paragraph 53 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in the first sentence of Paragraph 53. Defendant admits that the IRS recorded a lien with the New York County Register Office on May 19, 2014 and admits that his attorney was informed at the time the notice of federal tax lien was filed. Defendant denies any remaining allegations in Paragraph 53.

54. Defendant admits that he pledged his interest in SDSR111 LLC as security for a $500,000.00 loan from David Berley, that the security interest was recorded with the New York Department of State on February 5, 2015, that Defendant made no principal payments on the loan, and that Mr. Berley continued to extend loans to him up to an aggregate principal amount of $1,500,000, resulting in an accrued liability to Mr. Berley of $1,627,500.00 (inclusive of accrued interest) by November 1, 2019. Defendant denies the remaining allegations in Paragraph 54.

55. Admitted.

56. Defendant admits that on July 24, 2020, he satisfied his $1,658,693.70 debt to Mr. Berley by transferring his interest in SDSDR111 LLC to Mr. Berley, that he did not attempt to sell his interest in SDSDR111 LLC, and that he did not notify the IRS of the transfer of that interest. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 56.

57. Admitted.

58. Denied.

59. Denied.

60. Defendant admits that on May 24, 2013, his accountant conducted valuations of the Winick Realty and WTN and determined that Winick Realty had a fair market value of $10,346,000.00 and that WTN had a fair market value of $6,277,500.00. Defendant states that the

valuations speak for themselves and refers to those documents for a complete and accurate account of their contents. Defendant denies any remaining allegations in Paragraph 60.

61. Defendant admits that his accountant conducted a valuation of Winick Realty on September 26, 2018 and determined that Winick Realty had a fair market value of $7,367,000.00. Defendant states that the valuation speaks for itself and refers to that document for a complete and accurate account of its contents. Defendant denies any remaining allegations in Paragraph 61.

62. Admitted.

63. Defendant admits that his interests in Winick Realty and WTN are listed as having unknown value in his bankruptcy schedules. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 63.

64. Defendant admits, upon information and belief, that Duff & Phelps LLP conducted what it characterized as a preliminary assessment of the value of Winick Realty and decided it was worth between $3,369,588.00 and $11,841,397.00. Defendant denies the remaining allegations in Paragraph 64.

65. Denied.

66. Denied.

67. Defendant admits that he listed the value of his Rolex watches as $5,000.00 in his bankruptcy schedules, that, upon information and belief, Christi Sothers Fine Jewelry latter appraised them at $47,500.00, that he included $134,000.00 in monthly payments for back taxes in the expenses section of his schedules, and that he had not made a payment to the IRS in over six months. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 67.

68. Defendant incorporates and repeats his answers to Paragraphs 1 through 67.

69. Defendant admits that Plaintiff cites to portions of 11 U.S.C. § 727(a)(2)(A), refers to that statute for a complete and accurate account of its contents, and denies any allegations in Paragraph 69 that are inconsistent with that statute and any interpretive case law. Defendant denies any remaining allegations in Paragraph 69.

70. Defendant admits that the transferred his interest in SDSDR111 LLC to Mr. Berley within one year prior to filing bankruptcy. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 70.

71. Denied.

72. Defendant incorporates and repeats his answers to Paragraphs 1 through 71.

73. Defendant admits that Plaintiff cites to portions of 11 U.S.C. § 727(a)(4), refers to that statute for a complete and accurate account of its contents, and denies any allegations in Paragraph 73 that are inconsistent with that statute and any interpretive case law. Defendant denies any remaining allegations in Paragraph 73.

74. Admitted.

75. Defendant admits that he scheduled his interests in Winick Realty and WTN as having unknown value and he obtained appraisals for the value of these interests in the past. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 75.

76. Defendant admits that he scheduled the value of his Rolex watches at a value that was less than the value for which they were later appraised and sold. Defendant denies that there was anything wrongful about these actions and denies the remaining allegations in Paragraph 76.

77. The allegations of Paragraph 77 state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 77.

78. Defendant incorporates and repeats his answers to Paragraphs 1 through 77.

79. Defendant admits that Plaintiff cites to portions of 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8), refers to those statutes for a complete and accurate account of their contents, and denies any allegations in Paragraph 79 that are inconsistent with those statutes and any interpretive case law. Defendant denies any remaining allegations in Paragraph 79.

80. Defendant admits that he filed his chapter 7 petition on August 27, 2020. The remaining allegations of Paragraph 80 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations of Paragraph 80.

81. Defendant incorporates and repeats his answers to Paragraphs 1 through 80.

82. Defendant admits that Plaintiff cites to portions of 11 U.S.C. § 523(a)(1)(C), refers to that statute for a complete and accurate account of its contents, and denies any allegations in Paragraph 82 that are inconsistent with that statute and any interpretive case law. Defendant denies any remaining allegations in Paragraph 82.

83. Denied.

84. Denied.

**DEFENSES**

Defendant asserts the following defenses to Plaintiff's Complaint. By asserting these defenses, Defendant does not concede that he bears the burden of proof on any issue as to which Plaintiff would otherwise bear the burden of proof.

1. Plaintiff's Complaint fails to any claim for which relief may be granted.

2. Plaintiff is not entitled to recover any costs.

3. One or more of Plaintiff's claims is barred by the equitable doctrine of laches.

4. One or more of Plaintiff's claims is barred by its unclean hands.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend or supplement his Answer and Defenses and to assert additional defenses (affirmative or otherwise) that may be revealed during the course of discovery or otherwise.

WHEREFORE, Defendant requests that the Court enter judgment in his favor and against Plaintiff on all counts of the Complaint and grant him such other and further relief as the Court deems just and proper.

Dated: July 26, 2021

**SCHIFF HARDIN LLP**

*/s/ Steven Wilamowsky*
Steven Wilamowsky
1185 Avenue of the Americas
Suite 3000
New York, NY 10036
Tel: (212) 753-5000
Email: swilamowsky@schiffhardin.com

and

Jin Yan
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Email: jyan@schiffhardin.com

*Counsel for Defendant Jeffrey Winick*