**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY WINICK<br><br>Debtor. | Chapter 7<br>No. 20-11976 (PB) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>- against –<br><br>JEFFREY WINICK<br><br>Defendant. | Adversary Proceeding No. 20-1138 (PB) |

## DECLARATION OF JAMES S. FELTMAN

I, James S. Feltman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I submit this declaration in support of the United States of America's April 14, 2023 Motion for Summary Judgment.

2. I am a Senior Managing Director of Teneo Capital LLC ("Teneo"), an advisory firm providing governance, risk and transparency solutions for clients across diverse sectors, including publicly traded and privately held companies, law firms, governmental entities and investment organizations such as private equity firms and hedge funds. My practice at Teneo is focused on providing fiduciary, advisory consulting and expert testimony in areas including insolvency, restructuring, valuation and related services. I have served as an appointed fiduciary with the Office of the United States Trustee over a period of time spanning thirty years. I have been appointed as an advisor by both federal (district and bankruptcy) and state courts, having

served as an arbitrator and mediator, and having been appointed as a Monitor by the U.S. Federal Trade Commission. Prior to joining Teneo, I had over two decades of experience with "Big 4" accounting firms and was previously a partner with Mesirow Financial Consulting, Arthur Andersen LLP, and KPMG LLP. I earned an MPS from Cornell University and a BA from the University of Wisconsin, Madison. I am a Certified Public Accountant.

3. I have been retained by the United States Attorney's Office for the Southern District of New York to opine on whether an individual in Jeffrey Winick's position would have been able to estimate the value of his interests in Winick Realty Group LLC and WTN Realty Corp. to provide an estimated value on his bankruptcy schedules.

4. In my opinion, an individual in Jeffrey Winick's position would have had detailed information about the financial health and projections of Winick Realty Group LLC and WTN Realty Corp. given his position as Chief Executive Officer of Winick Realty Group LLC.

5. With that information, an individual such as Mr. Winick should have been able to estimate the value of his companies. One of the requirements to become a licensed commercial real estate broker in New York if for an applicant to pass an exam. The current exam requirements include a section covering the topic of valuation and valuation methodology. It is reasonable for me to assume that Mr. Winick was sufficiently knowledgeable about valuation and valuation methodology to become and maintain himself as a licensed real estate broker and oversee the operations of a commercial real estate brokerage firm. The valuation methodologies tested for in the commercial real-estate broker license exam could have been employed by Mr. Winick to estimate the value of his interests in his companies at the time he filed for bankruptcy. Indeed, after the bankruptcy proceedings began, I used the same valuation methodologies to estimate the value of those interests, based on financial information provided by Mr. Winick.

* * *

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 14, 2023        /s/ James S. Feltman
                                James S. Feltman