**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY WINICK,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br>No. 20-11976 (PB) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>JEFFREY WINICK,<br><br>　　　　　　　　　　　　Defendant. | Adv. Proc. No. 21-01138 (PB) |

**ORDER AND JUDGMENT**

**WHEREAS,** on August 27, 2020 (the "Petition Date"), debtor Jeffrey Winick (the "Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code, which included schedules of his assets and liabilities, Bankr. No. 20-11976, ECF No. 1;

**WHEREAS,** on November 6, 2020, the Internal Revenue Service ("IRS") filed a proof of claim in the total amount of $8,896,271.59, comprising $8,555,861.71 (including penalties and interest to the Petition Date) in secured claims for the Debtor's individual federal income tax liabilities for tax years 2012-2016, $335,325.76 (including interest to the Petition Date) in unsecured priority claims for the Debtor's individual income tax liability for tax year 2019, and $5,084.12 in general unsecured claims for penalties through the Petition Date on the Debtor's 2019 tax liability, Claims Register No. 2-1;

**WHEREAS,** on May 17, 2021, the United States of America (the "United States") filed an adversary proceeding against the Debtor asserting that he should be denied a discharge pursuant

to 11 U.S.C. § 727(a)(2)(a) because he allegedly "transferred [certain] . . . property of the [estate], within one year before the filing of the petition" "with intent to hinder, delay, or defraud [the IRS as] creditor" (Count I); that the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4) because he allegedly "made a false oath or account" by underreporting the value of certain business interests and luxury watches in the schedules to his Petition (Count II); that the Debtor's federal tax liability for tax year 2019 is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i) because the Debtor filed the relevant tax return within three years of the Petition Date (Count III); and that the Debtor's federal tax liabilities for tax years 2012-2016 and 2019 are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C) on the ground that the Debtor allegedly "willfully attempted . . . to evade or defeat [the] tax" liabilities at issue (Count IV), Adv. Proc. No. 21-01138, ECF No. 1;

**WHEREAS,** on April 14, 2023, the United States moved for summary judgment on all counts, and on May 5, 2023, the Debtor cross-moved for summary judgment on all counts, Adv. Proc. No. 21-01138, ECF Nos. 29-34, 38-48;

**WHEREAS,** on July 18, 2023, the Court granted summary judgment to the United States on Count III (concluding that Debtor's 2019 tax liability is not dischargeable); granted partial summary judgment to the Debtor on Count II with respect to the valuation of the Debtor's business interests; and denied both parties summary judgment on the remaining counts, Adv. Proc. No. 21-01138, ECF No. 53;

**WHEREAS,** the Court held a bench trial on the remaining counts on October 16, October 20, and November 1, 2023, Adv. Proc. No. 21-01138, ECF Nos. 72, 73, 76, and received post-trial briefing in December 2023 and May 2024, *id.*, ECF Nos. 77-78, 80-81; and

**WHEREAS,** the Court issued a Decision After Trial on January 20, 2026, finding for the United States on Count IV (concluding that Debtor's 2012-2016 tax liabilities are not dischargeable under 11 U.S.C. § 523(a)(1)(C)) and finding for Debtor on Counts I and II (concluding that the Debtor did not violate 11 U.S.C. § 727(a)(2)(A) or (a)(4)), Adv. Proc. No. 21-01138, ECF No. 84;

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Debtor's federal tax liabilities for tax years 2012-2016 and 2019, as reflected in the IRS's Proof of Claim No. 2-1, are not dischargeable in this bankruptcy pursuant to 11 U.S.C. § 523(a)(1)(C) (for tax years 2012-2016) and pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i) (for tax year 2019), and judgment is hereby entered in favor of the United States and against Debtor on Counts III and IV of the adversary complaint;

2. The Debtor is not ineligible for a discharge under 11 U.S.C. § 727(a)(2)(A) and (a)(4), and judgment is hereby entered in favor of Debtor and against the United States on Counts I and II of the adversary complaint.

SO ORDERED.

/s/ *Philip Bentley*
HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

Dated: February 2, 2026

3